IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TANYA M. FOX,

    Petitioner,

v.                                        Case No. 4:22cv316/WS/MAL

WARDEN GABBY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Tanya M. Fox initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking sentencing credits to which she believes she is entitled under the First Step Act (FSA). This case is before the court on her amended § 2241 petition and the Government's response thereto. ECF Nos. 7, 13. The Government asserts the petition should be dismissed because Fox failed to exhaust her administrative remedies. Fox did not respond in opposition.

After careful consideration of the amended petition, response and relevant law, I recommend the § 2241 petition be denied because Fox did not exhaust her administrative remedies.

    **I.**    **BACKGROUND**

Fox is currently in federal custody at the Tallahassee Federal Correctional Institution with a projected release of December 4, 2030. *See*

https://www.bop.gov/inmateloc/. In her amended petition, Fox claims the BOP has failed to award her over 3500 hours of sentencing credits she earned from Evidence Based Recidivism programming since 2018. ECF No. 7 at 3. The only information she provides with respect to exhaustion is "Never responded after submitting informal resolution request and regional appeal BP-9." *Id*. As relief she asks the Court to reduce her sentence "to a term this court deems necessary" or to apply the accumulated earned time credits. *Id.* at 6.

In his response the Warden contends the petition is subject to dismissal for failure to exhaust her administrative remedies. ECF No 13. Fox has presented nothing to rebut the Warden's evidence of non-exhaustion.

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit

calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First,

the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

If the inmate does not receive a response within the time allotted at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 13-1 at ¶ 3. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 5. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* The numeral indicates the number of times a remedy has been logged at the respective management level. *Id.*

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F.3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two

requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies before filing the instant petition, and Petitioner has offered nothing to suggest otherwise.

### B. Petitioner has not exhausted her administrative remedies

Respondent has presented uncontroverted evidence, in the form of a declaration signed by BOP Attorney Advisor Megan G. Marlow, that Fox has not exhausted her administrative remedies. ECF No. 13-1.

Marlow states in her declaration dated December 9, 2022, that her review of the SENTRY database reflects Fox has filed 9 administrative remedies since July 24, 2020. ECF No. 13-1, ¶ 7. Fox submitted Administrative Remedy 1124432-F1 requesting First Step Act Credit on June 24, 2022. *Id.* at ¶ 8. The remedy request was denied on July 7, 2022, and Petitioner did not file an appeal to the Regional Office. *Id.* at ¶¶ 8-9.

Fox claimed in her petition that the BOP "never responded" to her BP-9. ECF No. 7 at 3. If that is true, it did not preclude her from continuing the exhaustion process because she could have treated the lack of response as a denial and proceeded to the next level of the administrative remedy process. 28 C.F.R. § 542.18.

Fox did not do so. Because Fox did not properly complete all levels of the BOP's administrative remedy process, her petition should be dismissed for failure to exhaust.

Accordingly, it is respectfully RECOMMENDED:

1. Fox's amended petition under 28 U.S.C. § 2241 (ECF No. 7) be DENIED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 18, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.